MESEROLE SECURITIES COMPANY, RESPONDENT, v.
MARK M. DINTENFASS, APPELLANT.

Argued May 20, 1931—Decided October 19, 1931.

For the appellant, *David Saperstein*.

For the respondent, *Ward J. Herbert* and *Arthur F. Egner*.

The opinion of the court was delivered by

CAMPBELL, J.   This is an appeal from a judgment entered, summarily, upon the striking out of an answer.   The

suit was upon a judgment obtained in the State of New York against the defendant-appellant and others.

The action in New York, resulting in the judgment which is the basis of the present action, was for the recovery of the amount of certain promissory notes made by Bischoff, Incorporated, to the order of one Jack T. Cosman, and endorsed by him, National Evans Motion Picture Film Laboratory, Incorporated, Tom Evans, and appellant, in the order named and which notes were purchased, or discounted, by the plaintiff-respondent. In that proceeding the result was a judgment in favor of all of the defendants therein. The plaintiff therein, respondent here, appealed to the appellate division of the Supreme Court, which reversed the judgment. From this judgment all the defendants, except Cosman, appealed to the Court of Appeals, such appeal resulting in an affirmance of the judgment of the appellate division against them and was final. Cosman, not having appealed, was entitled to a new trial of the original cause in the trial court.

Subsequently the proceeding, *sub judice,* was commenced against the appellant alone by the respondent, the holder, originally at least, of the judgment in New York.

The complaint was in the form usual, and proper, in such actions and, among other things, averred by its fifth paragraph that the "plaintiff is still the owner and holder of said judgment and the judgment still remains in full force and effect, not in any way reversed, annulled or in anywise vacated but still remains due and unpaid * * *."

This, appellant, by his answer, directly denied. He also pleaded two separate defenses; namely:

(1) Full payment and satisfaction to the plaintiff, of the judgment and the full discharge, thereby, of the defendant-appellant's liability; and

(2) That defendant-appellant's liability, by endorsement, is subsequent and secondary to that of Cosman; that after entry of such judgment in New York, it was paid and satisfied to the plaintiff by said Cosman; that the plaintiff-respondent is not the owner or holder of the judgment but that Cosman, or his nominee, is; and that defendant-

appellant's liability is governed by the laws of the State of New York and that thereunder payment by Cosman, as a prior party, discharged the defendant-appellant.

Notice was then given by the plaintiff below, under section 57 of the Practice act of 1912 (*Pamph. L.* 1912, *p.* 377) and rules 80 *et seq.* of the Supreme Court, to strike out the answer as sham in part, and frivolous in part. The matter came on to be heard before a Circuit Court judge, sitting as a Supreme Court commissioner, by appointment under rule 92 of the Supreme Court resulting in a finding by him that the answer be stricken out because "sham in part" and "frivolous as to the balance thereof." Upon such finding the rule for judgment in favor of the plaintiff below and against the defendant below was entered by the order of the Chief Justice of the Supreme Court.

The defendant below appeals and assigns nine grounds for reversal. These grounds, as well as the points urged thereunder by the appellant, may be condensed to these three:

(1) The affidavits of the plaintiff did not warrant a striking of the answer.

(2) The affidavits of the defendant presented facts entitling him to defend; and

(3) The Supreme Court commissioner, hearing the matter, occupying the position of Circuit Court judge of Essex county, had no jurisdiction to hear and pass upon the matter because the venue in the cause was laid in Bergen county.

The soundness of the fundamental question involved is not disputed, and cannot be, successfully, and that is that in an action of this character payment of the foreign judgment by a judgment debtor prior in responsibility if established, is a proper and absolute defense in favor of a defendant subsequently liable.

The pertinent inquiry before the commissioner, therefore, was: Did the affidavits before him "show such facts as may be deemed" by him "sufficient to entitle him [the defendant] to defend?"

The affidavits upon the part of the plaintiff below presented facts, which if uncontradicted, or undisputed, made for a *prima facie* case and an unquestionable right to have a recovery against the defendant below.

The affidavits of the defendant, upon this main point, of payment of the judgment by the primary debtor, Cosman, were that prior to the commencement of the present action the president of the plaintiff corporation who was in charge of its office and its business had stated to the defendant-appellant and two others being one Evans, one of the defendants under the New York judgment, and their attorney, one Rosett, "that the judgment had been satisfied by Cosman" and "that the suit against Cosman, which had theretofore been pending, was settled and had been or was about to be discontinued," and further that "Harry Shiffman [who made the affidavit on the part of the plaintiff] had signed the affidavit in support of the motion and that he was sorry the affidavit had been made." This was corroborated by an affidavit of Tom Evans to the same effect.

After the argument before the commissioner upon the motion, upon leave granted, an affidavit of Solomon Brill, the president of the plaintiff below, was presented in which, among other things, he says that he had a conversation with the defendant below and Evans but denies that he told them that the judgment had been paid but does depose and say that the judgment has never been paid.

It was under this condition of the proofs that the commissioner concluded that the answer, as to payment of the judgment by Cosman, was sham, and therefore should be stricken out.

The outstanding contention of the appellant is that as these proofs raised a contest as to the truth of the fact of payment there was no course open to the commissioner but to deny the motion and thus permit the defendant to submit his proofs to a jury.

In *State Mutual Building and Loan Association* v. *Williams*, 78 *N. J. L.* 720, Mr. Justice Voorhees, speaking for this

court, said: "The power to strike out pleas as sham and frivolous does not depend upon our statute. (The statute then was the Practice act of 1903, page 337, sections 110 and 111.) It has always existed in the common law courts of superior jurisdiction and an order entered for that purpose was considered incidental and not the subject of review by writ of error."

In *Eisele & King* v. *Raphael,* 90 *N. J. L.* 219, Mr. Justice Bergen, writing the opinion of this court, held: "Rule 80 of the Supreme Court (authorized by *Pamph. L.* 1912, *p.* 377) declares that a frivolous or sham plea may be stricken out, upon proper affidavit in support of a motion for that purpose, unless the defendant, by affidavit or other proof, shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend. Under this rule the finding of the judge must be taken as true until the contrary appears, and this is so when an appeal is taken from such order as permitted by section 15 of the Practice act of 1912." This was followed by this court in *Wittemann* v. *Giele,* 99 *Id.* 478.

Section 15 of the Practice act of 1912 (*Pamph. L.* 1912, *p.* 377; 2 *Cum. Supp. Comp. Stat., p.* 2816), provides:

"Subject to rules, any frivolous or sham defense to the whole or any part of the complaint may be struck out; or, if it appear probable, that the defense is frivolous or sham, defendant may be allowed to defend on terms. Defendant, after final judgment, may appeal from any order made against him under this section."

Section 25 of the same act (2 *Cum. Supp. Comp. Stat., p.* 2818) provides: "Bills of exceptions and writs of error in civil cases are abolished. In lieu of a writ of error, an appeal may be taken in any case in which the appellant would, heretofore, have been entitled to that writ. Subject to rules, such appeal shall be in the nature of a rehearing upon any question of law involved in any ruling, order or judgment below."

This in nowise changes the functions of or the matters

to be considered by the appellate court but works a change in procedure only.

The situation before us, therefore, is like unto one, where upon the trial of an issue, the trial court directed a verdict or ordered a nonsuit against the defendant.

In such a case the question before this court always is, was there any proof which would have made such action erroneous, or which, on the contrary, would make for a legal defense.

If so, reversible error exists in striking out the answer because the function of the trial court, in such a situation, has never been to pass upon the truth or falsity of such proofs.

While formerly there was no review of judgments entered in this manner (*State Mutual Building and Loan Association* v. *Williams, supra*), now by the Practice act of 1912 such right is given.

Reviewing the matter before us in this manner, the conclusion cannot be escaped that there was proof before the commissioner, which if truthful, and it was entitled to that credence—at least it put in question and dispute the question of payment and discharge of the judgment as to the defendant below—required the commissioner to deny the motion to strike out the answer in question.

The judgment under review is, therefore, reversed.

*For affirmance*—BODINE, DONGES, WELLS, JJ. 3.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, DALY, VAN BUSKIRK, HETFIELD, DEAR, JJ. 10.