ADOLPH W. JAEGER, PLAINTIFF-APPELLANT, v. ALBERT NAEF, DEFENDANT-RESPONDENT.

Submitted October 13. 1933—Decided February 24, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

418

For the appellant, *J. Thaddeus Rospond.*

For the respondent, *Meyer M. Semel.*

The opinion of the court was delivered by

HEHER, J.  Plaintiff seeks the recovery of moneys claimed to have been advanced by him to defendant for the purchase of capital stock of a corporation in which they were stockholders.  The complaint is in two counts.  The first alleges that *"defendant* at *plaintiff's* request, advanced and paid the sum of $400 to Mrs. Barbara Walter, for three shares of stock of the Irvington Sand Company, Incorporated," and that these shares "were issued to defendant and retained by him." The second count avers that "plaintiff loaned to defendant $400, to be repaid on demand," and that defendant refused to repay said sum, although demand therefor was made. Defendant interposed an answer, wherein he made a general denial of the allegations of the complaint, and in separate defenses denied that the money in question was advanced by plaintiff at his request, and that the stock was purchased on his account.

Plaintiff thereupon served notice of a motion to strike out the answer upon the ground "that it is sham, irregular and frivolous."  Defendant countered with a motion for leave to file an amended answer, and to strike out the first count of the complaint on the ground that "it discloses no cause of action against the defendant."  These motions were heard upon affidavits, and an order was entered reciting that "there is no merit to the complaint under the facts as disclosed, and that the complaint does not disclose a cause of action," and directing that it be stricken out and judgment of nonsuit entered.

We are of opinion that, in the making of this order, the court below fell into error.  The complaint clearly disclosed a cause of action.  Assuming, without deciding, that the first count is defective, in that it alleges that the moneys were advanced by *defendant* at *plaintiff's* request (other allegations of the complaint show that this was an inadvertent

transposition of terms), and that defendant, by making answer, did not waive his right to challenge the sufficiency of the complaint, the second count is clearly good, and the complaint was therefore improperly stricken on the ground that it did not disclose a cause of action.

The order in question cannot be justified on the ground that "there is no merit to the complaint under the facts as disclosed." The proofs were sharply in conflict. Plaintiff, in his own affidavit, states that he and defendant agreed to purchase six shares of the capital stock of the sand company, held by Mrs. Walter, for the sum of $800; that these shares were to be divided equally between them, and that each was to pay one-half of the consideration price, and that defendant requested plaintiff to advance his share of the consideration price, as he was not then in funds, and that plaintiff agreed; that the full consideration price was paid by plaintiff, and the stock equally apportioned between them. It is conceded that a certificate for three shares, issued to defendant, was delivered to him, and that he subsequently sold them with other stock holdings in the corporation. Defendant, in his affidavit, denies that plaintiff paid the consideration price for the stock, and that he had agreed to purchase the shares subsequently assigned to him. Furthermore, he relies upon a release given by the sand company to him, when he disposed of his stock holdings in the corporation, which stated, *inter alia*, that it was "expressly given as a receipt for the sale by us to him of any material and supplies purchased by him; and also to release him from and in full satisfaction and payment of all shares of capital stock of the Irvington Sand Company, Incorporated, which he now holds in his possession." The release does not purport to cover plaintiff's claim, nor could it bar this action, for he was not a party to the contract.

Defendant maintains that, inasmuch as the certificate for the shares in question was issued to him by the sand company, the pleaded cause of action is barred by the release. He so affirms in his affidavit. But this is obviously a *non sequitur*. If it is based upon the theory that the purchase of the stock was made for the corporation, with its moneys, an issue of

fact is presented. Plaintiff stated, in his affidavit, that the purchase was made for defendant, and that he advanced the purchase price from his own funds. And, in its essential parts, his sworn testimony was corroborated, but this was not, for reasons to be stated, a requisite on a motion of this character.

It was not the province of the court below, on this motion, to determine which one of these parties was telling the truth. That was a question of fact to be determined by a jury. It is only where the facts set up in the affidavits submitted on the part of the plaintiff are not controverted, and demonstrate that the cause of action pleaded is a sham, and is without factual support, that the court is justified in granting the motion to strike out as sham. *Solomon* v. *Salins,* 108 *N. J. L.* 214.

Chapter 151 of the laws of 1928 (*Pamph. L.* 1928, *p.* 306) ordains that any frivolous or sham complaint or counter-claim, or any part thereof, may be struck out; or, if it "appear *probable*" that the complaint or counter-claim is frivolous or sham, the plaintiff or counter-claimant "may be allowed to proceed therewith on terms." This power to strike out, on the ground that the pleading is false or sham, is inherent in the court. The statute merely confers a power that was exercised at common law. *Anonymous, 7 N. J. L.* 160; *In re Beam, 93 N. J. Eq.* 593; *Fidelity Mutual Life Insurance Co.* v. *Wilkes-Barre and Hazelton Railroad Co.,* 98 *N. J. L.* 507. Under the common law system the court has inherent power to prevent the abuse of legal machinery. *Remmington* v. *Scoles* (1897), 2 *Ch.* 1.

The falsity of the pleading must be apparent. The court will not try the case on affidavits. *Walter* v. *Walter and Smith, 35 N. J. L.* 262. The power to strike out a pleading as frivolous, sham, or false, will not be exercised, unless it appears to be clearly, palpably so. This power has always been cautiously exercised. *Hogencamp* v. *Ackerman and Brown,* 24 *N. J. L.* 133, 136; *Coykendall* v. *Robinson,* 39 *Id.* 98; *Taylor* v. *Hutchinson,* 61 *Id.* 440. "It is a drastic proceeding to reject and strike out a plaintiff's complaint,

and this should never be done except where the reason clearly appears." *Stars* v. *Hammersmith*, 31 *Ind. A*. 610; 67 N. E. *Rep*. 554. At common law a plea was considered sham when it was "palpably or inherently false, and from the plain or conceded facts in the case must have been known to the party interposing it to be false." *Fidelity Mutual Life Insurance Co*. v. *Wilkes-Barre and Hazelton Railroad Co., supra*. The duty of the court, on a motion to strike out a pleading as sham, is to determine whether an issue of fact is presented, and not to try the issue. If an issue of fact is exhibited, the plaintiff cannot be deprived of the benefit of a trial in the ordinary mode. *Coykendall* v. *Robinson, supra; Meserole Securities Co*. v. *Dinlenfass,* 108 *Id*. 298; *Gee* v. *Independent Bonding and Casualty Insurance Co*., 109 *Id*. 563.

The statute does not alter the rule at common law in respect of the striking out of sham pleadings. Such a pleading can be struck out only when it is *palpably* false. When its falsity merely seems *probable,* reasonable terms may be imposed as a condition to further proceedings, but the party cannot be deprived of his constitutional right to proceed to a trial by the customary method. It follows that there was error in striking out the complaint, and entering judgment for defendant.

Judgment reversed.