EDWARD TORRICELLI, PLAINTIFF-RESPONDENT, v. SAMUEL SEBASTINI, DEFENDANT-APPELLANT.

Argued October 4, 1933—Decided March 27, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *Terry Parker*.

For the respondent, *Gaetano M. Belfatto*.

The opinion of the court was delivered by

HEHER, J. The answer interposed by defendant was struck out, on the ground that it "discloses no defense" to the pleaded cause of action, and summary judgment for plaintiff entered. Defendant appeals.

The complaint alleges that on January 2d, 1929, defendant employed plaintiff "from year to year," as a sales agent, and agreed to pay, as compensation for such service, $35 per week "during said term;" and that on July 1st, 1933, defendant, "contrary to the terms of said employment," discharged plaintiff. The complaint is in two counts. The first demands earned and unpaid compensation for the period beginning January 2d, 1933, and ending July 1st, 1933, totaling the sum of $945. The second avers the "loss of twenty-five weeks' employment from July 1st (1933), to January 2d, 1934," at the stipulated weekly rate, or a total sum of $875. Judgment was entered for $1,828, the full sum claimed.

The answer contains a general denial of the allegations of the complaint, and, by a separate defense, sets up that defendant had paid to plaintiff "all sums found due on an accounting between" them, "in full of the plaintiff's said claim."

The answer was improperly struck out. The order was predicated on the conclusion that it "discloses no defense" to the pleaded causes of action. But the premise is erroneous. There was a general denial of the allegations of the complaint. A plea in this form has the sanction of statute and the rules of the court.

Rule 40 of the general rules made a part of the Practice act of 1912 (*Pamph. L.* 1912, *pp.* 377, 391), now rule 58

of the Supreme Court, provides that the answer must specially deny such allegations of fact in the complaint as the defendant intends to controvert, "unless he intends in good faith to controvert all the allegations; in that case he may deny them generally." He must specially state only such defense as is "consistent with the truth of the material allegations of the complaint, and any defense which, if not stated, would be likely to cause surprise, or would raise issues not arising out of the complaint," such as the statute of frauds, or of limitations, release, payment, performance, or facts showing fraud, illegality, or contributory negligence.

At common law it was a well settled practice to put the other party to his proof by a traverse, and add a plea or pleas in confession and avoidance. *Gross* v. *New York Central Railroad Co.,* 99 *N. J. L.* 414. The general denial sanctioned by the statute is the equivalent of the general issue under the common law. Such a plea denies the entire claim of the plaintiff, and raises an issue of fact. *Eisele & King* v. *Raphael,* 90 *N. J. L.* 219, 223. The answer, therefore, was sufficient.

Nor is it, on the showing made, a sham plea. Although there are cases to the contrary, the rule at common law is that a plea of the general issue cannot be stricken as sham. *Wayland* v. *Tysen,* 45 *N. Y.* 281; *Greenbaum* v. *Turrill,* 57 *Cal.* 285. It seems to be based upon the recognized right of the defendant to require the plaintiff to prove all the material facts necessary to establish his asserted right of action. *Gross* v. *New York Central Railroad Co., supra; Wayland* v. *Tysen, supra.* But in this state it is well settled that the power to strike out sham pleas applies to the general issue. *Coykendall* v. *Robinson,* 39 *N. J. L.* 98. There Mr. Justice Van Syckel, speaking for our court of the last resort, said: "No reason can be assigned why a defendant should be permitted to shelter himself from the power of the court to strike out a false plea, by taking refuge under the general issue."

While this power is inherent in the court, it is also conferred by statute. Section 15 of the Practice act of 1912

(*Pamph. L.* 1912, *p.* 380), provides that "subject to rules, any frivolous or sham defense to the whole or to any part of the complaint may be struck out; or, if it appear probable that a defense is frivolous or sham, defendant may be allowed to defend on terms." Rule 57 of the general rules annexed to that statute (*Pamph. L.* 1912, *p.* 394), now rule 80 of the Supreme Court, provides that when an answer is filed in an action such as this, it "may be struck out and judgment final may be entered upon motion and affidavit as hereinafter provided, unless the defendant by affidavit or other proofs shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend." Rule 58 of those ordained by the statute, now rule 81 of the Supreme Court, requires that the motion to strike out be made "upon affidavit of the plaintiff or that of any other person cognizant of the facts, verifying the cause of action, and stating the amount claimed, and his belief that there is no defense to the action."

The affidavits submitted on behalf of defendant in the instant case set forth facts sufficient to entitle him to defend. Defendant's general manager stated that because of an alleged violation of the national prohibition act by plaintiff, federal agents seized the wine stored on defendant's premises; that, in consequence thereof, defendant had no need for plaintiff's services, at least for the time being, except to aid and assist in defending the litigation instituted by the government, based upon plaintiff's alleged violation of the prohibition law, which plaintiff insisted was an unfounded accusation; that on December 31st, 1932, subsequent to the seizure, defendant "engaged" plaintiff "at a salary of $35 from week to week," until a policy with respect to the business could be determined; that plaintiff was informed that defendant "would keep him on at a salary of $35 per week, at a week to week contract for no definite length of time;" that he was paid "various sums" on account of the salary due under this agreement; and that on June 23d, 1933, after a governmental agency had determined that plaintiff had made an illegal sale of wine, but one unauthorized by defendant, and had

advised defendant that a new permit would not be issued to him while plaintiff remained as his agent, the relationship was severed, and an "accounting was had," which "showed a balance owing to Torricelli [plaintiff] of $171," of which $71 was paid on account, leaving a balance due of $100.

The falsity of the pleading must be apparent. The power to strike out a pleading as frivolous, sham, or false, will not be exercised, unless it appears to be clearly, palpably so. This power has always been cautiously exercised. The duty of the court, on a motion to strike out a pleading as sham, is to determine whether an issue of fact is presented, and not to try the issue. If an issue of fact is exhibited, the parties tendering it cannot be deprived of the benefit of a trial in the ordinary mode. The court will not try the case on affidavits. *Jaeger* v. *Naef,* 112 *N. J. L.* 417. The striking out of the answer cannot, therefore, be justified upon either ground.

Judgment reversed.