JACOB STERN AND DORIS B. STERN, PLAINTIFFS-RESPONDENTS, v. STATE WIDE COMPANY, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted February 19, 1934—Decided May 4, 1934.

For the plaintiffs-respondents, *Herman H. Singer.*

For the defendant-appellant, *Abraham J. Cohen.*

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the Supreme Court in favor of the plaintiffs and against the defendant. The judgment resulted from an order of the trial judge at the Passaic Circuit striking out the answer. The matter was argued before the trial judge on *ex parte* affidavits.

The suit was for rent in arrear under a written lease, a copy of which lease was attached to the complaint. There were seven counts each for one month's rent at $50 per month and another count for taxes which the defendant under the lease agreed to pay. The answer set up that the taxes paid by the plaintiffs covered other property than that leased by the defendant and that the defendant's share of the taxes was only about one-quarter of the amount claimed. The defense alleges eviction by the plaintiffs of the premises covered in the lease which was located at the corner of Market and Forty-second streets, Paterson. The issue raised by the pleadings was whether or not after the lease was made the plaintiffs evicted the defendant from possession and rented the premises to another tenant. The defendant claimed that it was so rented and that the plaintiffs received rent in excess of plaintiff's claim. The answering affidavits alleged that the defendant corporation although they paid two months rent never had possession of the premises; that the premises were occupied by the Clark Motors, Incorporated, and produced in evidence a photograph showing a number of cars of the Clark Motors, Incorporated, occupying the premises which defendant claims were covered by its lease. The affidavit of the plaintiffs and an officer of the Clark Motors, Incorporated, sets forth that the land which the Clark Motors, Incorporated, rented of the plaintiffs adjoined the premises in question and that while the Clark Motors, Incorporated, did occupy land covered by the defendant's lease it did so without the permission of the plaintiffs. This is denied by the defendant which alleges by affidavit that plaintiff's attorney admitted to the president of the defendant company that the plaintiffs were receiving rent from the Clark Motors, Incorporated, for the use of the lot covered by the lease in

question. While most of the statements or allegations contained in the affidavits submitted both for and against the motion are hearsay, we think that a sufficient question of fact is presented by the pleadings and affidavits to raise a question to be determined at a trial of the case. Therefore, it was not for the court to say which of the parties was telling the truth. Where the matters alleged in the affidavits submitted on the part of the plaintiff on a motion to strike out an answer are not controverted the court is justified in granting such a motion and in striking out the answer as sham and frivolous. In this case, however, the facts are controverted and the answer should not be stricken out.

For this reason the judgment under review is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.