LOUIS GOLDIN, PLAINTIFF-RESPONDENT, v. UNIVERSAL INDEMNITY INSURANCE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 29, 1936—Decided October 2, 1936.

For the plaintiff-respondent, *Ralph Gitkin* (*E. Robert Coven,* of counsel).

For the defendant-appellant, *Sullivan & Sullivan* and *C. Walter Rice* (*George B. Warburton,* of counsel).

The opinion of the court was delivered by

WOLFSKEIL, J. This is an appeal from a summary judgment entered in favor of the plaintiff upon the striking out of defendant's answer.

The plaintiff's claim is based upon a judgment recovered against defendant's assured for damages sustained as the result of an automobile collision, which he was unable to collect from the judgment debtor. The policy of insurance contained the New Jersey Financial Responsibility act endorsement under which a liability is created against the defendant in favor of the plaintiff for the amount of the judgment obtained against the assured. (Chapter 116, laws of 1929, section 10, *Pamph. L., p.* 195.)

The answer of the defendant admits the issuance of the policy but denies liability and sets up as an affirmative defense that the assured had breached the conditions of the policy requiring him to aid in securing information, evidence and the attendance of witnesses, and to render all co-operation and assistance within his power and not to voluntarily assume any liability nor interfere in any negotiation or legal proceedings conducted by the company.

Plaintiff moved to strike the answer on the ground that it was sham and frivolous, affidavits were submitted and the court filed a memorandum, the penultimate paragraph of which reads as follows:

"I have therefore decided to grant the motion of the plaintiff to strike defendant's answer but in view of defendant's application to amend its answer to the complaint so as to allege that the judgment obtained by Goldin was obtained through fraud and collusion, I will allow such amendment, with costs in favor of the plaintiff on his motion to strike out the answer."

Defendant·elected not to amend the answer and thereupon judgment was entered in favor of the plaintiff, from which defendant appeals on sundry grounds, all relating to the striking out of the answer.

It appears that the learned trial judge in arriving at his conclusion was influenced by the decision of this court in the case of *Rockmiss* v. *New Jersey Manufacturers, &c., Co.,* 112 *N. J. L.* 136, which he held could not be distinguished from the case at bar. We are convinced that this was error. In the Rockmiss case, *supra,* the facts as stated in the pleadings were somewhat similar to those of the instant case and a motion to strike out the answer was granted. Upon appeal this court found that "the proofs indisputedly show that the insured substantially complied with the stated conditions of the policy" (page 142), and that "the proofs submitted by appellants on this motion disclosed that it (the answer) is patently sham and upon that ground was properly struck." (Page 138.)

Here, however, a different situation is presented. The plaintiff in support of the motion submitted only his own affidavit in which after setting forth his version of the facts of the case he merely added the statement "this deponent is informed and verily believes that the assured, Jacob H. Stadtmauer, complied with the terms of his policy in all respects and the said Jacob H. Stadtmauer diligently prosecuted his defense to the action brought by this deponent which resulted in a verdict of $2,000." In controversion of this statement the defendant offered six affidavits attesting to facts which,

if true, clearly indicated a breach of the terms and conditions of the policy by the assured as alleged in the answer. These proofs were unchallenged, other than by the general statement in plaintiff's affidavit as to his information and belief, and raised a question of fact which could only be determined by a jury after witnesses had been heard in court and had submitted to cross-examination. The power to strike out a pleading as sham or frivolous is inherent in the trial court but should not be exercised unless it appears to be clearly, palpably so. The duty of the court on such a motion is to determine whether an issue of fact is presented and not to try the issue. A contrary rule would work a deprivation of the constitutional right of trial by jury. *Louis Kamm, Inc., v. Flink,* 113 *N. J. L.* 582. It is only where the sworn statements offered in support of an attack on a pleading are not controverted that the court is competent to strike out the pleading. *Eday Fabrics, Inc., v. Seymour Dress Co.,* 116 *N. J. L.* 251.

The judgment below is reversed, and the cause remanded for trial in conformity with this decision. Costs to abide the result.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.