CENTRAL BANK AND TRUST COMPANY, A BANKING CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. FOREST HILL FOUNDRY COMPANY, C. FRANZ, ALSO KNOWN AS CHRISTIAN FRANZ, DEFENDANTS, AND LUIGI NAPORANO, DEFENDANT-APPELLANT.

Submitted October term, 1936—Decided December 22, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiff-respondent, *Nicholas Lavecchia*.

For the defendant-appellant, *Carl & William Abruzzese* (*Carl Abruzzese*).

The opinion of the court was delivered by

CASE, J. Appellant was sued as the endorser on a promissory note held by the respondent and payable at the latter's banking house. Defendant answered and counter-claimed. On respondent's motion the answer and counter-claim were struck as "partly sham and frivolous," and final judgment was entered.

The grounds of appeal are numerous and somewhat involved. They need not be separately discussed in the disposition of the appeal.

The answer sufficiently raises the defenses of payment of the note and of failure to forward the statutory notice of protest to the defendant. The notice of motion to strike gives no greater detail as to the alleged faults in the defendant's pleading than "that parts of the said answer are sham and parts of the said answer are frivolous and that parts of the said counter-claim are sham and parts of the said counter-claim are frivolous." The order granting the motion to strike finds that the answer "is partly sham and frivolous and that the counter-claim * * * is partly sham and frivolous." It is apparent that at least those parts of the answer which we have referred to were not frivolous. It remains to consider whether they are sham.

The plaintiff, on the motion, submitted proof that notice of non-payment and protest was mailed in season to the defendant Luigi Naporano, at 17 Van Buren street, Newark, New Jersey. The defendant submitted counter-affidavits specifically detailing the method followed by the postman, whose affidavit was submitted, in delivering the defendant's mail at the named address, which was Naporano's place of residence, and of the defendant, of his wife, his two sons and his daughter that notice of protest was never received. It is true that the Negotiable Instruments law provides in section 105, 3 *Comp. Stat., p.* 3747, that where notice of dishonor is duly addressed and deposited in the post office the sender is deemed to have given notice, notwithstanding any miscarriage in the mails. But it appears to us that when the proof by the plaintiff is *ex parte*, without opportunity to the fact determining body to observe the affiant and without the privilege of cross-examination, and there is detailed proof that a normal sequence to an act so proven has not happened—in this instance the delivery of the mailed parcel—there is a question of fact which, when it relates, as here, to a material matter in the suit, ought not to deprive the defendant of his opportunity to have the disputed fact demonstrated in the court room and in the manner usual to a trial. Also, the defendant, by his submitted affidavits, much of the matter of which is controversial and hearsay but some of which is evidential, presented on oath that a credit certificate issued by the plaintiff to Forest Hill Foundry Company in the amount of $2,000 had been assigned to the defendant and was physically delivered to the plaintiff as security for the payment of the note now sued upon. Plaintiff in its proofs admits the giving of the credit certificate and the subsequent redelivery of it to the plaintiff but alleges that allowance therefor was to be made and was made, to the exhaustion of the credit, on the account of other notes. That, too, raised a question of fact. It may be that in the opinion of the judge the proofs submitted by the plaintiff much outweighed in force and persuasiveness the proof submitted by the defendant. But the duty of the court, on a motion to strike out a pleading as sham, is to determine whether an issue of fact is pre-

sented and not to try the issue. *Louis Kamm, Inc.,* v. *Flink,* 113 *N. J. L.* 582, 596; 175 *Atl. Rep.* 62; *Jaeger* v. *Naef,* 112 *N. J. L.* 417; 171 *Atl. Rep.* 166; *Torricelli* v. *Sebastini,* 112 *N. J. L.* 458; 171 *Atl. Rep.* 526. Where the matters alleged in the affidavits submitted on a motion to strike raise controversial questions of fact, the pleadings should not be stricken. *Stern* v. *State Wide Co., Inc.,* 113 *N. J. L.* 124; 172 *Atl. Rep.* 542. Where there is proof before the court which, if truthful, puts in question and dispute an issue in the cause, the court should deny the motion to strike. *Meserole Securities Co.* v. *Dintenfass,* 108 *N. J. L.* 298; 156 *Atl. Rep.* 465. The *status* of the counter-claim is less clear, but we are led to the conclusion that a factual controversy exists also as to it and that therefore it, along with the answer, should be reinstated.

To that end let the judgment be reversed.