ROSE EPSTEIN, PLAINTIFF, v. ARTHUR SCOTT BROOK, DEFENDANT.

Decided July 20, 1945.

For the plaintiff, *Morris Bloom*.

For the defendant, *Joseph H. Blumberg*.

BURLING, C. C. J. and S. C. C. This is an action in eject-ment. Motion has been made by the plaintiff to strike out the answer filed by the defendant in the above stated cause upon "the ground that the allegations contained in the same are not true in fact and sham; and on' the further ground that as to the other allegations contained in the answer, they are frivolous." In support of the motion, affidavits were resorted to. Supreme Court rules 80 and 81; *N. J. S. A. Tit. 2.* Counter-affidavits were filed in support of the oppo-sition to the motion. Supreme Court rule 80. The complaint has been drawn in accordance with rule 184 of the Supreme Court rules, and with form 13 (a) annexed to said rules relating to ejectment. The answer raised the general issue and affirmatively asserts defendant's right to possession is a lease and his further affirmative defenses are within the fol-lowing two principal categories, namely:

*First—Under the laws of the State of New Jersey*—The original lease under which the defendant occupied the prem-ises is dated February 10th, 1944, for a term of one year from March 1st, 1944, at noon, to March 1st, 1945, at noon. The term expired. Rent in the amount of $50 was subse-quently paid to the agent of the lessor, and accepted by the lessor for the month of March, 1945, at the monthly rate of the yearly lease which had expired and it is claimed thereby a tenancy from month to month upon the same terms and conditions was thereby created. A check for $50 was ten-dered for the month of April to the agent of the plaintiff but it was returned with the information that the plaintiff refused it. The lease contained a covenant and condition "not to assign this lease, or underlet said premises, or any part thereof, nor permit any person or persons to occupy the same or any part thereof without the written consent of the Lessor" and further that "if default shall be made in any of the covenants herein contained  *  *  *  then at·the option of the Lessor this lease shall immediately cease and become

void." The defendant contends that, although a violation of this condition is admitted in that there existed a subletting during the summer season of 1944 and arrangements were made by the defendant for subletting the summer season of 1945 such violations were waived by the plaintiff's predecessor in title, with plaintiff's knowledge and that of his duly authorized agent, and by this plaintiff and his duly authorized agent. That the plaintiff is thereby estopped from asserting the breach as a cause for immediate possession. The pertinent facts surrounding the waiver of the condition of the lease are in dispute. The application of legal principles to this issue must await their timely presentation.

*Second—Under the law of the United States*—In the interest of national defense, federal legislation was enacted in the Emergency Price Control Act of 1942 (50 *U. S. C. A. Appendix*, §§ 901, *et seq.*), and regulations issued pursuant thereto. Pursuant to the authority conferred under 50 *U. S. C. A. Appendix*, § 902 (b) and (c) the Price Administrator of the United States government appointed under the Emergency Price Control Act has issued declarations setting forth the necessity for the stabilization or reduction of rents for housing accommodations in the County of Atlantic effective June 1st, 1944 (document No. 44936, Housing, Office of Price Administration, dated March 29th, 1945). Section 6(a) (3) thereof provides as follows:

"Sec. 6. Removal of tenant—(a) Restrictions on removal of tenant. So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto, unless:

\*        \*        \*        \*        \*        \*        \*

"(3) Violating obligation of tenancy or committing nuisance. The tenant (i) has violated a substantial obligation of his tenancy, other than an obligation to pay rent, and has continued, or failed to cure, such violation after written notice by the landlord that the violation cease, or (ii) is committing or permitting a nuisance or is using or permitting a use of the housing accommodations for an immoral or illegal purpose;"

Section 6 (d)(1) and (2) provide as follows:

"(d) Notices required—(1) Notices prior to action to remove tenant. Every notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant. A written copy of such notice shall be given to the area rent office within 24 hours after the notice is given to the tenant.

"No tenant shall be removed or evicted from housing accommodations by court process or otherwise, unless at least ten days (or, where the ground for removal or eviction is nonpayment of rent, the period required by the local law, for notice prior to the commencement of an action for removal or eviction in such cases, but in no event less than three days) prior to the time specified for surrender of possession and to the commencement of any action for removal or eviction, the landlord has given written notices of the proposed removal or eviction to the tenant and to the area rent office, stating the ground under this section upon which such removal or eviction is sought and specifying the time when the tenant is required to surrender possession; provided, however, that the requirement of this sentence shall not apply to housing accommodations within the city of Baltimore, Maryland, the Northeastern New Jersey Defense-Rental Area, or the Trenton Defense Rental Area, when the ground for the removal or eviction of a tenant is non-payment of rent.

\*    \*    \*    \*    \*    \*    \*

"(2) Notices at time of commencing action to remove tenant. At the time of commencing any action to remove or evict a tenant, including an action based upon non-payment of rent, the landlord shall give written notice thereof to the

area rent office stating the title of the case, the number of the case where that is possible, the court in which it is filed, the name and address of the tenant, and the ground under this section on which removal or eviction is sought."

The state trial court is obliged to take judicial notice of the statute and the regulations. *Milk* v. *Mulcahey* (*Supreme Court,* 1943), 130 *N. J. L.* 325 (at *p.* 327); 32 *Atl. Rep.* (*2d*) 598.

No allegations of compliance are set forth in the complaint which as heretofore stated follows the suggested form 13(a) annexed to the Supreme Court rules. No allegations are contained in the supporting affidavits of the plaintiff of the compliance with the regulations of the Office of Price Administration hereinbefore referred to, especially the provisions of section 6(d)(1) requiring a copy of the landlord's written notice to the tenant to surrender the premises to be given to the area rent office within 24 hours after the notice is given to the tenant, nor the provisions of section 6(d)(2) requiring notice of institution of suit to be given by the landlord to the area rent office. The purport and extent of these provisions, however, seem to be ministerial and to bring home notice to the area rent office of the pendency of the controversy. In this case it is admitted in the affidavit of Joseph E. Robertson, Esq., area rent attorney for the Atlantic County Defense Rental Area, and offered by the defendant, that actual notice to that effect exists.

It is denied by the defendant that he continued or failed to cure violation of a substantial obligation of his tenancy, after notice by the landlord required by section 6 (a) (3). It is affirmatively alleged by the defendant that he never received notice from the plaintiff complying with the Office of Price Administration regulations (paragraph 6, affidavit of defendant and paragraph 11, affidavit of Lillian Brooks).

The plaintiff asserts compliance with this particular section in the form of a letter dated May 19th, 1945, written by her attorney Morris Bloom, Esq. No allegations are contained in her affidavit (paragraph 9, page 3) of proof of receipt of the notice by the defendant. Even if the presumption of receipt by the addressee be given to a duly posted letter (*Kruger* v.

*Brown* (*Supreme Court*, 1910), 79 *N. J. L.* 418 (at *p.* 420); 75 *Atl. Rep.* 171), is resorted to, the positive affidavit of and denial of receipt by the defendant raises an issue of fact. Further it is asserted by the defendant that as a matter of law within the meaning of the regulations no substantial obligation of his tenancy has been violated has been conclusively established in the present posture of facts resulting from the affidavits and counter-affidavits. Since the facts in these respects are in dispute, therefore until the facts are established surrounding the subject of subletting and waiver of covenant against subletting, the application of the legal principles pertinent to this category must await their timely presentation.

### Conclusion.

It has repeatedly been stated that the court will not try the case on affidavits. It is only where the matters set up in the affidavits submitted on the part of the plaintiff, on a motion such as this, are not controverted, and demonstrate that the answer is sham, and is without factual support that the court is justified in granting the motion. *Louis Kamm, Inc.,* v. *Flink* (*Court of Errors and Appeals,* 1934), 113 *N. J. L.* 582 (at *p.* 596); 175 *Atl. Rep.* 62. The power to strike out a pleading must be exercised with the greatest care and where falsity is alleged it must appear clearly and palpably so. *Goldin* v. *Universal Indemnity Insurance Co.* (*Court of Errors and Appeals,* 1936); 117 *N. J. L.* 192; 187 *Atl. Rep.* 163; *Eday Fabrics, Inc.,* v. *Seymour Dress Co., Inc.* (*Court of Errors and Appeals,* 1935), 116 *N. J. L.* 251; 183 *Atl. Rep.* 167; *Jaeger* v. *Naef* (*Supreme Court,* 1933), 112 *N. J. L.* 417; 171 *Atl. Rep.* 166; *Torricelli* v. *Sebastini* (*Supreme Court,* 1933), 112 *N. J. L.* 458; 171 *Atl. Rep.* 526.

The motion is denied. Appropriate rule may be presented. An application may be made after issue joined and notice of trial filed to accelerate the trial of the cause.