LOUIS A. CROSS COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. MORRIS MARGOLIS, INDIVIDUALLY AND TRADING AS FOOD CENTER, DEFENDANT-APPELLANT.

Submitted May 6, 1947—Decided January 12, 1948.

For the plaintiff-respondent, *Abraham Greenberg*.

For the defendant-appellant, *Meyer L. Sakin*.

The opinion of the court was delivered by

BURLING, J. This is an appeal of the defendant from a judgment for the plaintiff entered in the Court of Common Pleas of Camden County for $1,531.94 against the defendant.

It was a summary judgment resulting from the granting of a motion to strike the answer and counter-claim of the defendant and support of the complaint by the affidavit of the plaintiff. Grounds of appeal, six in number, were filed. No. 4 thereof reads as follows:

"4. Because the court below erred in that it decided as a matter of law that the relationship between the parties was that of a partnership and that the said agreement, therefore, was an *ultra vires* act of the plaintiff, and that said plaintiff was not bound thereby."

No. 5 will be dealt with in the disposition of this appeal, and is as follows:

"5. Because the court below erred in deciding that the matters set up by the motion did not present an issue of fact."

The complaint sought a recovery upon a sale of meat products by the plaintiff to the defendant, and the supporting affidavit alleged the furnishing of the same on the days of September 23d, 24th, 28th, 1946. An answer of general denial was filed and a counter-claim alleged that the parties had entered into an agreement of joint adventure and that this was breached to the damage of the defendant in excess of the amount claimed by the plaintiff in his complaint.

From a reading of the pleadings and affidavits submitted in the proceedings, it appears to the court that it is one for the application of the rule that courts are not prone to grant a motion to strike out pleadings unless it is evident that no factual issue has been raised by the pleadings, or there is no legal dispute. As a consequence, the power to strike out a pleading is to be exercised with the greatest care.

In *Epstein* v. *Brook* (*Supreme Court*, 1945), 23 *N. J. Mis. R.* 267 (at *p.* 272), the court stated as follows:

"It has repeatedly been stated that the court will not try the case on affidavits. It is only where the matters set up in the affidavits submitted on the part of the plaintiff, on a motion such as this, are not controverted, and demonstrate that the answer is sham, and is without factual support that the court is justified in granting the motion. *Louis Kamm, Inc.,* v. *Flink* (*Court of Errors and Appeals,* 1934), 113 *N. J. L.* 582 (at *p.* 596); 175 *Atl. Rep.* 62. The power to

strike out a pleading muśt be exercised with the greatest care and where falsity is alleged it must appear clearly and palpably so. *Goldin* v. *Universal Indemnity Insurance Co. (Court of Errors and Appeals,* 1936), 117 *N. J. L.* 192; 187 *Atl. Rep.* 163; *Eday Fabrics, Inc.,* v. *Seymour Dress Co., Inc. (Court of Errors and Appeals,* 1935), 116 *N. J. L.* 251; 183 *All. Rep.* 167; *Jaeger* v. *Naef (Supreme Court,* 1933), 112 *N. J. L.* 417; 171 *All. Rep.* 166; *Torricelli* v. *Sebaslini (Supreme Court,* 1933), 112 *N. J. L.* 458; 171 *Atl. Rep.* 526."

The legal points that have been raised with respect to the alleged agreement are not presently susceptible of determination until the entire facts are more fully elicited as the result of direct and cross-examination of witnesses.

In the disposition of the appeal from the judgment resulting from the striking of defendant's answer and the entry of summary judgment, in the recent case of *Lipari* v. *Hudson County (Supreme Court,* 1947), 135 *N. J. L.* 359 (at *p.* 362), the court stated:

"We consider it desirable to have the facts fully developed by trial evidence so that the legal rule may be more intelligently considered and applied."

We deem the statement to be applicable in the disposition of this appeal.

The judgment is reversed to the end that a venire issue and trial be had.