54 N.J. Super. 533 (1959)
149 A.2d 606
FRANK KENNEY, PLAINTIFF-RESPONDENT,
v.
McLEAN TRUCKING COMPANY, A CORP., DEFENDANT, NORTH JERSEY JOINT LOCAL COMMITTEE AND WALLACE O'REILLY, INDIVIDUALLY AND AS SECRETARY OF NORTH JERSEY JOINT LOCAL COMMITTEE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 2, 1959.
Decided March 20, 1959.
*534 Before Judges PRICE, SCHETTINO and GAULKIN.
Mr. Seymour Margulies argued the cause for defendants-appellants (Mr. Louis P. Brenner, attorney for Wallace O'Reilly, Mr. Herbert New, of counsel; Mr. Jacob Friedland, attorney for North Jersey Joint Local Committee, Messrs. Levy, Lemken & Margulies, of counsel).
Mr. Wallace P. Berkowitz argued the cause for plaintiff-respondent (Messrs. Berkowitz and Lester, attorneys).
The opinion of the court was delivered by PRICE, S.J.A.D.
Defendants North Jersey Joint Local Committee (Committee) and Wallace O'Reilly its secretary, appeal from an order of the County Court denying their respective motions for judgment in an action in which plaintiff sought recovery of damages for alleged interference *535 by said defendants with plaintiff's "rights as an employee of McLean Trucking Company." (McLean.) The record before us contains no information with reference to McLean's response to said suit which contained a count seeking recovery against it for wages of which plaintiff alleged he was deprived unlawfully.
Defendant O'Reilly moved, with a supporting affidavit, for summary judgment pursuant to R.R. 4:58. The Committee moved for judgment "on the basis of the complaint and defendants' answer, upon the ground that the plaintiff failed to comply with the provisions of New Jersey Statutes 2A:24-7 * * *." We granted defendants' application for leave to appeal from the trial court's order denying both motions.
Plaintiff, an employee of defendant McLean, is a member of Local 641 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers. At the time of the happening of the events which form the basis of the present controversy, a general trucking agreement was in force between local unions and the employers, including McLean. The agreement provided for the creation of a "Joint Local Committee" to have jurisdiction over disputes and grievances involving the employers and the locals. The Committee was composed of persons selected on an equal basis by the employers and the local union.
The institution of this suit had its origin in the discharge of plaintiff by defendant McLean on February 8, 1957. Plaintiff on February 4, 1957 informed his shop steward that he would not be able to work that day. He failed to report for work on February 4 or 5. On the evening of February 5 plaintiff demanded his pay check at McLean's office. Defendants allege that plaintiff was intoxicated at the time. Defendants further allege that plaintiff was told that his check was in the safe; that on hearing this he used abusive language and threatened to assault the person then in charge of the office; that plaintiff similarly used abusive language and threatened to assault the McLean terminal manager who had been called as a result of the *536 altercation; that plaintiff left the premises only after he had been given his check and the terminal manager had summoned the police. The company discharged plaintiff through the medium of the following memorandum:
"February 6th, 1957
A.J. Sorrentino  Terminal Manager  Jersey City.
Mr. Frank Kenney  Platform  Jersey City Terminal.
This is to advise that effective this date, you are discharged from the McLean Trucking Company. The reason for this discharge is as follows:
Failure to report to work, and then you came to the premises of McLean Trucking Company on the night of February 5th, 1957 in an intoxicating condition seeking your paycheck. When informed by the warehouse supervisor, Mr. Joe Foligno, that your check was locked in the safe, you then threatened him with physical violence if he did not obtain your check. Mr. Foligno then contacted the writer by telephone and I returned to the terminal whereby I had to inform you that unless you left the premises I would have been forced to call the police.
AJS:hmp
c.c Mr. Mike Calabrese  Local Union 641
Mr. Lou Williams  Steward  Jersey
Mr. H.H. Peterson  DOM  New York"
Pursuant to the aforementioned labor agreement the propriety of the discharge was brought before the Committee by the administrator of the trucking employees of the "North Jersey Welfare Fund," and hearing was held April 9, 1957. Plaintiff did not then appear. Testimony of McLean's employees was taken in plaintiff's absence. His discharge was "confirmed." On June 7, 1957 the matter was again scheduled for hearing following plaintiff's representation that he had not received notice of the first hearing. The Committee received plaintiff's testimony as well as that of Albert Sorrentino and Joseph Foligno, McLean's terminal manager and platform supervisor respectively.
A summary of the testimony, as outlined in O'Reilly's affidavit on his motion, is as follows:
"On February 4, 1957 at about 10:30 A.M. Mr. Kenney had informed the Shop Steward, Lewis Williams, that he was unable to report to work that day and on February 4 and 5, 1957, he had not reported for work. At 4:45 P.M. on February 5, 1957 Mr. *537 Kenney, in an intoxicated condition, came into McLean Trucking Company's office and demanded his pay from Mr. Foligno, who was in charge at the time. Mr. Foligno told Mr. Kenney that the safe was locked and that he did not have the combination. That Mr. Kenney then used foul, vulgar and abusive language and grabbed Mr. Foligno by the arm, and said, `I'll punch and deck you and knock you off the platform.' Mr. Foligno then telephoned the Terminal Manager, Albert Sorrentino and, as a result, Mr. Sorrentino came over to the terminal. Mr. Kenney then started to berate Mr. Sorrentino again using foul, vulgar and abusive language and, among other things, said, `I'll let you have it too and knock your block off.' Mr. Kenney left the premises only when Albert Sorrentino dialed the Police and gave Kenney his check."
The Committee thereupon made the following "decision":
"A complaint was filed by Local 641 against the McLean Trucking Company in which it disputed the propriety of the discharge of Frank Kenny [Kenney], a platform employee.
A hearing in this matter was held on June 7, 1957 at which all interested parties were present, testified and were heard by this Board.
On the basis of the evidence which was adduced, we find that Mr. Kenny [Kenney] appeared at the Terminal of the Company on February 5, 1957, that he created a disturbance and also interfered with the operation of the business of the Company, and that he threatened to assault a Company employee when he was told to leave the premises.
We find that the actions of said Frank Kenny [Kenney] were improper but were not sufficient to cause his discharge under the terms and provisions of the labor agreement. We feel, however, that a suspension from employment, under all of the circumstances involved in this case, is proper and have concluded that he should be reinstated on July 8, 1957 but without any back pay.
 North Jersey Joint Local Committee,
 By s/ Wallace O'Reilly,
 Secretary.
 Dated: June 7, 1957"
The decision was not acknowledged nor does it contain the names of the Committee members who made it. O'Reilly's affidavit asserts that the Committee members were unanimously in favor of the decision.
Plaintiff never returned to work for McLean. He instituted suit against McLean, the Committee, and O'Reilly individually and as secretary of the Committee. In summary, *538 he alleged that McLean "willfully and wrongfully discharged" him; that the Committee "unlawfully interfered with, deprived and prejudiced" his rights; that Mr. O'Reilly did "willfully and wrongfully interfere with and cause a compromise of plaintiff's employment rights"; and that all of the defendants did act in concert and did conceive a scheme to "unlawfully, illegally and without authority interfere with and deprive the plaintiff of his lawful rights under the agreement hereinbefore mentioned and to deprive him of his salary and opportunity to work in that they found the said discharge to be unlawful and did, without authority and in an unlawful conspiracy * * * direct that plaintiff's wages be not paid."
By their respective answers the Committee and O'Reilly, who was also a member thereof, denied the allegations of the complaint and raised affirmatively the defenses that (1) the Committee's decision was binding upon plaintiff under the provisions of the agreement; (2) the court lacked jurisdiction over the subject matter; (3) the action of plaintiff was barred by the provisions of N.J.S. 2A:24-1 et seq.; (4) they were immune from suit because their actions were "judicial in nature." In addition, defendant O'Reilly asserted that the complaint failed to state a claim upon which relief could be granted, and he reserved the right to move to strike the complaint or enter judgment in his favor.
The Committee's aforesaid motion for judgment in its favor was, as stated, based on plaintiff's failure to comply with the provisions of N.J.S. 2A:24-7. Defendant O'Reilly moved, with supporting affidavit, for summary judgment as aforesaid "on the ground that there exists no genuine issue as to any material fact challenged * * *."
In denying the motions to dismiss, the trial court held that issues of fact were involved and expressed itself in part as follows:
"It seems to me from the record, as I now have it before me, impossible to determine whether the plaintiff's discharge was in fact improper and further what provisions are made therein for compensating *539 an improperly discharged employee for the time and salary he lost thereby.

* * * * * * * *
Therefore since the plaintiff contends in his complaint that the defendants acted illegally and in an unlawful conspiracy, the motions cannot be granted since for the purposes of the motions, these allegations are construed in favor of their veracity and favorable to the pleader.

* * * * * * * *
The legal questions raised herein are not presently susceptible of determination until all the facts are fully elicited as a result of examining and cross-examining of witnesses. It is therefore desirable to have the facts fully developed so that the legal rule may be more intelligently considered and applied, Cross [Co.] v. Margolis, 136 N.J.L. 453.
Although this action has not been commenced within the three month period dictated by N.J.S. 2A:24-7, the award of the Joint Local Committee appears not to have been acknowledged or proved which is also required by that statute. And yet the three month period runs from the date a properly acknowledged award is delivered to the plaintiff or to his attorney. At least that is my interpretation of the statute.
In the interests therefore of substantial justice the statute will not herewith be applied as contended for by the defendants."
It is to be noted that the creation of the Committee, the definition of its powers, and the scope of its activities were defined by the aforesaid general trucking agreement, which likewise outlined the procedure to be followed by an employee allegedly aggrieved by an act of his employer. Plaintiff on this appeal asserts that the Joint Local Committee under the aforesaid agreement is not an "arbitration board" within the purview of the statute but a "grievance committee," and consequently, in challenging its decision, he is not limited to the method outlined in the statute but is free to sue the Committee and its secretary for damages on the basis of an alleged conspiracy and unlawful interference with his "employment rights."
Regardless of the Committee's title the agreement gave it the power finally to arbitrate grievances subject to the Joint Metropolitan Area Committee's jurisdiction "over disputes involving the Employers and Local Unions which cannot be settled by majority vote of the Joint Local Committee" and in matters "involving questions of the meaning *540 or import" of the agreement provisions of the type and character therein defined. The agreement provided that "[w]here a Joint Local Committee, by majority vote, settled a dispute, no appeal may be taken to the Joint Metropolitan Area Committee. Such decision shall be final and binding on the Local Union, the Employer and any employee(s) involved." The Joint Local Committee was essentially an arbitration committee created by the aforesaid agreement of which plaintiff was one of the beneficiaries. To challenge its unanimous determination plaintiff would have to comply with the provisions of N.J.S. 2A:24-1 et seq. Plaintiff elected not to follow the statutory procedure. Instead he insists that, ignoring the statute, he may sue the Committee and its secretary for damages for alleged illegal performance of their duties under the agreement. He has no such right. It would be intolerable to countenance an action for damages against an arbitration committee and its secretary by an employee who was dissatisfied with the conclusions reached by such a committee in disposing of a matter lawfully committed to it for decision.
Plaintiff further urges that, assuming "that the Joint Local Committee was a properly constituted arbitration board," the Committee's determination signed on its behalf by its secretary was neither legal nor binding because it was neither signed nor acknowledged pursuant to N.J.S. 2A:24-7. We are not called upon to decide whether plaintiff, in an action for vacation of the Committee's determination, could prevail for either of those reasons or whether the alleged deficiencies are imperfections in form only, cf. International Ass'n of Machinists, etc. v. Bergen Ave., etc., Ass'n, 3 N.J. Super. 558, 568 (Law Div. 1949). Here the sole question is whether plaintiff, dissatisfied with the Committee's decision, has the right to sue it and its secretary for damages alleged to have been suffered by him as the result of its determination.
The order denying the respective motions of the Committee and O'Reilly is reversed. Judgment dismissing the complaint as to them is to be entered. The cause is remanded *541 to the County Court for action not inconsistent with this opinion.
During the oral argument appellant Committee, for the first time, raised the point that it was not a legal entity and could not be sued as "North Jersey Joint Local Committee"; that no member of the Committee was named as a defendant except O'Reilly; that no member of the Committee had been served except O'Reilly; and hence the action against it was a nullity. Respondent did not deny this. The point is well taken. However, as the Committee filed an answer and took the various steps above detailed and did not raise this point until the oral argument, we have decided the case on its merits as if the Committee were a suable entity.
Reversed.